IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 27, 2012 Session

# SHERRIE L. DURHAM v. TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT BY AND THROUGH JAMES NEELEY IN HIS OFFICIAL CAPACITY ET AL.

Appeal from the Chancery Court for Davidson County
No. 101139-IV     Carol McCoy, Chancellor

No. M2011-01515-COA-R3-CV - Filed April 20, 2012

This petition was filed pursuant to the Tennessee Uniform Administrative Procedures Act. The petitioner seeks judicial review of an administrative decision by the Tennessee Civil Service Commission to uphold the termination of her employment with the Tennessee Department of Labor. On motion by the petitioner, the entire administrative record was struck from the record in the judicial proceedings. Having no administrative record upon which to review the Department's decision, the trial court dismissed the petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which RICHARD H. DINKINS, J. and JEFFREY S. BIVINS, SP. J., joined.

Sherrie L. Durham, Mt. Juliet, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and William J. Marett, Jr., Senior Counsel, for the Tennessee Department of Labor and Workforce Development by and through James Neeley in his official capacity, Tennessee Civil Service Commission by and through Deborah Storey in her official capacity, and Tre Hargett in his official capacity.

## OPINION

The petitioner, Sherrie L. Durham, an attorney, was hired to serve as an Unemployment Hearing Officer 2 for the Tennessee Department of Labor and Workforce Development ("the Department") in June 1998. She worked in the Department's McMinnville office until 2005 when she was transferred to the Cookeville office.

Soon after her transfer to Cookeville, she had conflicts with her supervisors and other Department employees. The conflicts continued and escalated for over a year. In June 2007, after several oral and written warnings and a three-day disciplinary suspension, the Department recommended that Ms. Durham be terminated for repeated acts of insubordination, in violation of Department of Personnel Rule 1120-10-.06(4), (18), & (24) Tenn. Comp. R. & Regs. 1120-10-.06 (2007) ("Failure to maintain satisfactory and harmonious working relationships with fellow employees; refusal to accept a reasonable and proper assignment from an authorized supervisor"). The Commissioner of the Department approved the recommendation, and Ms. Durham was terminated on June 22, 2007. Following a series of lengthy administrative hearings, the administrative law judge issued an initial order upholding the termination on July 20, 2009, and on May 18, 2010, the Tennessee Civil Service Commission ("Commission") adopted the ALJ's order in its entirety.[1]

Having exhausted the administrative appeals process, Ms. Durham filed the instant Petition for Judicial Review ("the Petition") in the Davidson County Chancery Court on July 16, 2010, pursuant to the Tennessee Uniform Administrative Procedures Act for judicial review of contested cases, Tennessee Code Annotated § 4-5-322. Ms. Durham, an attorney, filed the Petition *pro se*. The Petition alleged, *inter alia*, that, in terminating Ms. Durham's employment, the Commission violated her rights to due process, free speech, and equal protection under the Tennessee and United States Constitutions, and that the decision was arbitrary, capricious, and not supported by substantial and material evidence.

Over the course of the judicial proceedings, the Commission filed two separate motions to dismiss. The first motion was on the grounds that the Commission was not served with the Petition until September 10, 2010; the delay, the Commission argued, rendered service insufficient. Finding the delay was partially due to the fact that Ms. Durham had a related matter pending in the 19th judicial district,[2] the trial court denied the motion and ordered the Commission to file the administrative record, which it did on November 22, 2010.

---

[1] As this opinion explains, Ms. Durham had the administrative record stricken from the Chancery Court record. We have included this brief summary of the administrative proceedings as background information to make the history of this case more clear.

[2] The Petition was originally assigned to Chancellor Perkins in the Davidson County Chancery Court, 20th judicial district. Chancellor Perkins recused himself, and the case was transferred to Chancellor McCoy who *sua sponte* transferred the case to Judge Hicks in the 19th judicial circuit for consolidation with the related case, docket No. 10-654-I (which involved claims against Chancellor Bonnyman). Thereafter, Judge Hicks dismissed docket No. 10-654-I, and transferred this case back to Chancellor McCoy who presided over the case to its conclusion.

The Commission filed a second motion to dismiss on January 6, 2011, on the grounds that Ms. Durham had not yet filed a brief supporting the Petition, in violation of local court rules concerning judicial review of administrative decisions. The local rules require that briefs be filed in all cases heard by the court upon the record from an administrative tribunal or agency and "if a petitioner-appellant fails to file his or her brief within the time provided by this rule or within the time ordered by the court, the action may be dismissed and the agency decision affirmed." Tenn. 20th J. Dist. Ct. R. § 25.01. The rules also require that the petitioner "must file and serve a brief within thirty (30) days after the record is filed. . . . Upon motion of a party or upon its own motion, the court may enlarge or shorten the time for filing briefs." Tenn. 20th J. Dist. Ct. R. § 25.02. The trial court denied the Commission's second motion to dismiss, and ordered Ms. Durham to file her brief by April 4, 2011.

The judicial proceedings took an abrupt turn on March 11, 2011 when, instead of filing a brief as ordered, Ms. Durham filed a "Motion to Alter or Amend and Motion to Limit Brief to Constitutional Violations and Motion to Take Additional Evidence." In the motion, she argued, *inter alia*, that the administrative record should be stricken from the judicial proceedings in its entirety because it was filed more than 45 days after service of the Petition, in violation of Tennessee Code Annotated § 4-5-322(d). The Commission was served with process on September 10, 2010; the administrative record was filed November 22, 2010, seventy-three days after service of process. Furthermore, Ms. Durham argued that the trial court erred by granting the Commission an extension for filing the record, until November 22, 2010, because the extension was granted *after* the 45-day deadline had passed.

When Ms. Durham's motion came on for hearing, the trial court explained that Tennessee Code Annotated § 4-5-322(d) permitted the court to extend the deadline for filing the administrative record, and that such an extension was warranted in this case for the same reasons the court granted Ms. Durham additional time for serving the Petition and for filing her brief. More importantly, the trial court emphasized, repeatedly, that it was not in her interest to strike the administrative record. The trial court went on to explain this was because, in the absence of an administrative record, the court could not review the Commission's decision and, thus, the termination of her employment would be affirmed. The foregoing warnings notwithstanding, Ms. Durham insisted that the administrative record be stricken. After noting that she was an attorney and a former state unemployment appeals hearing officer, the trial court stated that it "reluctantly" granted Ms. Durham's motion and struck the administrative record from the judicial proceedings.

Thereafter, Ms. Durham filed a Motion for Judgment on the Pleadings, which the trial court denied. For its part, the Commission filed a Motion to Dismiss, which the trial court granted. This appeal by Ms. Durham followed.

## ANALYSIS

Courts defer to the decisions of administrative agencies when those agencies are acting within their area of specialized knowledge, experience, and expertise. *Wayne County v. Tennessee Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 279-80 (Tenn. Ct. App. 1988). As such, judicial review of an agency's action is governed by the narrow standard contained in Tenn. Code Ann. § 4-5-322(h) rather than the broad standard of review used in other civil appeals. *Willamette Indus., Inc. v. Tennessee Assessment Appeals Comm'n,* 11 S.W.3d 142, 147 (Tenn. Ct. App. 1999) (citing *Wayne County*, 756 S.W.2d at 279-80).

The trial court may reverse or modify the decision of the agency *only* if the petitioner's rights have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1)     In violation of constitutional or statutory provisions;
(2)     In excess of the statutory authority of the agency;
(3)     Made upon unlawful procedure;
(4)     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5)(A) Unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 4-5-322(h)(1)-(5)(A). The trial court may not substitute its judgment concerning the weight of the evidence for that of the agency as to questions of fact. Tenn. Code Ann. § 4-5-322(h)(5)(B); *see also Jones v. Bureau of TennCare*, 94 S.W.3d 495, 501 (Tenn. Ct. App. 2002). The same limitations apply to the appellate court. *See Humana of Tennessee v. Tennessee Health Facilities Comm'n*, 551 S.W.2d 664, 668 (Tenn. 1977) (holding the trial court, and this court, must review these matters pursuant to the narrower statutory criteria).

Under this limited scope of review, a petitioner "may only prevail if [she] establishes that the agency's decision" meets one of the five conditions listed above. *Cope v. Tennessee Civil Serv. Comm'n*, No. M2008-01229-COA-R3-CV, 2009 WL 1635140, at *9 (Tenn. Ct. App. June 10, 2009). The narrow review of the agency decision "shall be conducted by the court without a jury and *shall be confined to the record*." Tenn. Code Ann. § 4-5-322(g) (emphasis added). Further, no agency decision resulting from a hearing in a contested case shall be reversed or modified by the reviewing court "unless for errors which affect the merits of such decision." Tenn. Code Ann. § 4-5-322(i).

The administrative record was struck from the judicial proceedings upon Ms. Durham's motion and repeated insistence. Because there is no record for the court to review, Ms. Durham is unable to establish that the Commission's decision to terminate her employment was in violation of her constitutional rights, in excess of the Commission's statutory authority, upon unlawful procedure, or that it was arbitrary, capricious, or unsupported by material evidence. Tenn. Code Ann. § 4-5-322(h)(1)-(5)(A). In the absence of any such proof, the trial court was required to defer to the decision of the Commission. *See Wayne County*, 756 S.W.2d at 279-80. For these reasons, the trial court did not err in dismissing the Petition.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Petitioner, Sherrie L. Durham.

_____
FRANK G. CLEMENT, JR., JUDGE